Case 1:17-cv-00579-RBJ   Document 32   Filed 09/15/17   USDC Colorado   Page 1 of 9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 17-cv-00579-RBJ

JOHN SANCHEZ,
ABBY KINDELL,
MITYAH THORNTON, and
TERRENCE THORNTON,

Individuals, on behalf of themselves and all others similarly situated,

    Plaintiffs,
v.

FRONT RANGE TRANSPORTATION d/b/a Front Range Shuttle and Tours, a Colorado limited liability company, and
COREY WATSON, an individual,

    Defendants.

## ORDER on PARTIAL MOTION TO DISMISS

    Four former employees of Front Range Transportation, LLC claim that they were victims of unlawful compensation practices and retaliation by the company and its principal. Defendants have moved to dismiss three of the eight asserted claims. Having reviewed the motion and briefs, the Court grants the motion in part, finds that it is moot in part, and denies it in part, as explained in this order.

## BACKGROUND

    This case has evolved since its inception, and it will be useful briefly to describe where it began and where it now stands. Front Range provides shuttle and "executive car" service primarily between Colorado Springs or Pueblo and the Denver International Airport. The original complaint was brought by two former employees: Brandon Smith, a dispatcher and driver; and Donald Hickman, a driver. Purporting to represent themselves and a class of

similarly situated individuals, these gentlemen asserted that they had not been paid for all the hours they worked, and that they had not been properly paid for overtime work, in violation of the Fair Labor Standards Act (FLSA) and the Colorado Minimum Wage Order (CMWO). They also alleged that they had been improperly classified as independent contractors during portions of their employment, allegedly supporting claims of tax fraud contrary to the Internal Revenue Code; violation of the Colorado Wage Protection Act (CWPA); and unjust enrichment. ECF No. 1.

Plaintiffs' (First) Amended Complaint, still naming Mr. Smith and Mr. Hickman as the plaintiffs, whittled the claims down a bit. The tax fraud, CWPA and unjust enrichment claims remained. The CWPA claim was expanded into two new claims. The FLSA claims were dropped. ECF No. 6.

Plaintiffs Second Amended Complaint named two additional plaintiffs: John Sanchez, a former administrative assistant; and Abby Kindell, a former dispatcher. Again, the tax fraud and unjust enrichment claims of Mr. Smith and Mr. Hickman remained. However, several FLSA claims were asserted on behalf of Mr. Smith and Ms. Kindell, including that they were not compensated for all hours worked (required to work "off-clock" hours). In addition, plaintiffs asserted claims of retaliation in violation of the FLSA on behalf of Mr. Hickman and Mr. Sanchez. ECF No. 16.

Plaintiffs' Third Amended Complaint, which now is the operable complaint, added two more plaintiffs: Mityah Thornton, a former dispatcher/administrative assistant, and her husband Terrence Thornton, also a former dispatcher. ECF No. 23. Plaintiffs assert the following claims: (1) tax fraud in violation of the Internal Revenue Code (Smith, Hickman, and M.Thornton – purportedly class claims); (2) unjust enrichment (same); (3) FLSA based on unpaid "off-clock" hours (Sanchez, Kindell, M.Thornton – purportedly collective action claims); (4) FLSA based on

unpaid overtime (M.Thornton); (5) CMWO based on failure to provide breaks (Kindell – purportedly a class action); (6) FLSA based on retaliation (Sanchez); (7) FLSA based on retaliation (M.Thornton); and (8) FLSA based on retaliation (T.Thornton).

Defendants then filed the pending motion for partial dismissal, i.e., to dismiss the first, second and fifth claims under either or both of Rules 12(b)(6) and 9(b). ECF No. 25. In response, among other things, plaintiffs voluntarily dismissed the claims of the original plaintiffs Smith and Hickman, ECF No. 29, hence the change of the caption that I now order. Plaintiffs also withdrew their second claim (unjust enrichment) entirely. ECF No. 30 at 5-6. Accordingly, what remains for decision by the Court at this time are (1) whether the First Claim sufficiently states a claim for tax fraud on behalf of Mityah Thornton (and the purported class), and (2) whether the Fifth Claim sufficiently states a claim regarding the lack of breaks on behalf of Abby Kindell (and the purported class).

## STANDARD OF REVIEW

To survive a 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002), conclusory allegations are not entitled to be presumed true, *Iqbal*, 556 U.S. at 681. However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard. *See, e.g.*, *Twombly*, 550 U.S. at 556; *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

Federal Rule of Civil Procedure 9(b) imposes a higher pleading standard as to fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[1]  This means that a complaint alleging fraud must "set forth the [1] time, [2] place and [3] contents of the false representation, [4] the identity of the party making the false statements and [5] the consequences thereof.  Rule 9(b)'s purpose is to afford defendant fair notice of plaintiff's claims and the factual ground upon which they are based." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (bracketed numbers added, internal citations and quotations omitted).

## ANALYSIS

**A. Tax Fraud.**

1. Facts alleged by plaintiffs.

Plaintiffs First Claim, now asserted on behalf of Mityah Thornton (and the purported class), asserts that Front Range violated 26 U.S.C. § 7434(a).  This section of the Internal Revenue Code provides: "If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."  An "information return" is "any statement described in [26 U.S.C. §] 6724(d)(1)(A).

Plaintiffs allege that Front Range filed such a return, specifically an IRS Form 1099-MISC return, in respect to Ms. Thornton for the year 2016.  Ms. Thornton was hired to be a dispatcher and administrative assistant, and she was initially classified as a "W-2 employee." ECF No 23 at ¶53-54.  But in June 2016 she was reclassified as a "1099 independent contractor." She alleges that defendant Watson explained that he couldn't afford to increase her

---

[1] The dismissal of a complaint for failing to satisfy the requirements of Rule 9(b) is treated as a dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6).  *Seattle-First Nat. Bank v. Carlstedt*, 800 F.2d 1008, 1011 (10th Cir. 1986).

compensation at that time, but that "she would make more money as a 1099; her job duties were now described as "office management, although they apparently had not changed. *Id.* at ¶56-57. She was thereafter paid a salary rather than an hourly wage and was required to present an "Independent Contractor Invoice" to get paid.

In September 2016 Ms. Thornton was presented with, and apparently signed, a document indicating that she was operating under the name "Mityah Thornton Consulting." She was now said to be providing human resources services. But, plaintiff alleges, there was no such business, and she provided no human resources services. Rather, she continued to work as a dispatcher and administrative assistant. *Id.* at ¶¶58-60. Defendants even went to the trouble of filing Articles of Organization with the Colorado Secretary of State for "Mityah Thornton LLC." This was a charade. Nevertheless, Ms. Thornton filed both federal and state tax returns for 2016 based on the amounts reported by defendants on IRS Forms W-2 and 1099. *Id.* at ¶64.

Meanwhile, plaintiff John Sanchez was working in the office as Mr. Watson's "Administrative Assistant." Until he later fell out of favor he allegedly had the boss's ear. Plaintiffs allege that Mr. Watson "repeatedly commented about how FRS could save money by misclassifying employees as independent contractors," thereby reducing the amount of taxes the company had to pay for unemployment insurance tax and federal employer payroll tax contributions. Mr. Watson confided that he was attempting to convince employees to "'accept' IC misclassification" by representing to them that it would be to their financial benefit. *Id.* at ¶38.

The present suit was filed on March 3, 2017 and was served on the defendants on March 8, 2017. ECF Nos. 1, 5. The First Amended Complaint was filed on March 16, 2017. ECF No. 6. Plaintiffs allege that on March 20, 2017 Ms. Thornton was reclassified back to employee status, and she remained an employee until she was fired on May 9, 2017. *Id.* at ¶¶68-71, 84.

5

Plaintiffs allege that Front Range's filing of the IRS Form 1099-MISC with respect to payments made to employees who were misclassified as independent contracts, such as Ms. Thornton, was "willful and fraudulent" because defendants knew that the individuals were employees as is shown by their switching them from one classification to another without any change in job duties, and as is confirmed by the statements Mr. Watson made to Mr. Sanchez. *Id.* at ¶¶108, 111.

2. Conclusions.

Defendants cite *Liverett v. Torres Advanced Enterprise Solutions LLC,* 192 F.Supp.3d (E.D. Va. 2016). The same argument was made there as here, namely, that the employer's willful treatment of employees as independent contractors in order to avoid paying employer taxes violates 26 U.S.C. § 7434(a). The court dismissed the claim. The court interpreted § 7434(a)'s phrase "willfully files a fraudulent information return with respect to payments purported to be made to any person" to mean that "the filing of an information return is actionable only if the information return is false or misleading as to the amount of payments purportedly made" to the employee, not whether the misclassification was false. *Id.* at 650-55. *Accord, Jayo Vera v. Challenger Air Corp.,* No. 16-cv-62354, 2017 WL 2591946, at **2-3 (S.D. Fla. June 6, 2017); *Derolf v. Risinger Bros. Transfer,* No. 16-cv-1298, 2017 WL 1433307 at **6-7 (C.D. Ill. Apr. 21, 2017); *Tran v. Tran,* 239 F.Supp.3d 1296, 1297-98 (M.D. Fla. 2017). Because plaintiffs in the present case have alleged only that they were misclassified, not that Front Range falsely reported the payments made to them, defendants argue that the First Claim must be dismissed.

Plaintiffs' responds that other district courts have interpreted § 7434(a) differently, i.e., that the filing of a Form 1099 based upon willful misclassification of an employee as an independent contractor does trigger a claim under the statute. *See Leon v. Tapas & Tintos, Inc.,*

51 F.Supp.3d 1290, 1297-98 (S.D. Fla. 2014); *Seijo v. Casa Salsa, Inc.,* No. 60892-Civ., 2013 WL 6184969, at *7 (S.D. Fla. Nov. 25, 2013); *Pitcher v. Waldman,* No. 1:11-cv-148, 2017 WL 526906, at **4-9 (W.D. Ohio Oct. 23, 2012).

Neither the parties nor I have located a circuit court decision on the issue to date. Having studied the several district cases, however, I am persuaded by the thorough examination of the issue and reasoning of Judge Ellis in *Liverett*, as were the three district courts that decided the issue subsequent to *Liverett* (*Jayo Vera, Derolf* and *Tran*). Plaintiffs rely on pre-*Liverett* cases that did not have the benefit of Judge Ellis' analysis and, respectfully, did not in my view examine the language of 26 U.S.C. § 7434(a), the context provided by §§ 7434(e) and (f), and the legislative history in the same depth. Therefore, although I find that plaintiffs have adequately alleged that misclassification of Ms. Thornton as an independent contractor was willful, I nevertheless conclude that plaintiffs have not stated a claim of tax fraud in violation of 26 U.S.C. § 7434(a) as a matter of law.

### B. **Breaks During Work Day.**

1. Facts alleged by plaintiffs.

Plaintiffs allege that John Sanchez, Abby Kindell and Mityah Thornton were not afforded breaks every four hours. ECF No. 23 at ¶4. In their Fifth Claim for Relief – which defendants move to dismiss – they incorporate all prior allegations but then single out Ms. Kindell, alleging that "Defendants did not provide Kindell and similarly situated non-exempt hourly employees with ten-minute rest periods (breaks) every four (4) hours as required by the Colorado Minimum Wage Order, 7 Colo. Code Regs. 1103-1, paragraph 8." *Id.* at ¶134. This was in a work day that allegedly began at 4:45 a.m. and ended at 1:30 p.m. *Id.* at ¶45. Plaintiffs allege that Ms. Kindell, a dispatcher, was unable to take breaks or a meal period. *Id.* at ¶47.

2. Conclusions.

Colo. Code Regs § 1103-1:8 provides,

Every employer shall authorize and permit rest periods, which, insofar as practicable, shall be in the middle of each four (4) hour work period. A compensated ten (10) minute rest period for each four (4) hours or major fractions thereof shall be permitted for all employees. Such rest periods shall not be deducted from the employee's wages. It is not necessary that the employee leave the premises for said work period.

Defendants suggest that there is no private right of action for violation of the Colorado Minimum Wage Order.[2] They provide no authority for this proposition. The regulation they cite, Colo. Code Regs. § 1103-1:18, authorizes a civil action to recover the unpaid balance of the minimum wage owed. It does not state or imply that a civil action may not be brought under other sections of the regulations. In *Bracamontes v. Bimbo Bakeries,* No. 15-cv-02324, 2016 WL 5791202, at \*\*6-11 (D. Colo. Sept. 30, 2016), I denied a motion to dismiss a count asserting violations of Colo. Code Regs. §§ 1103-1:4 (overtime), 1:12 (maintenance of records), and 1:19 (prohibition of threats). I now hold expressly that workers in covered industries have an implied private right of action for damages for violations of § 1103-1:8 of the CMWO.

Even were plaintiffs confined to a suit to recover the unpaid balance of a minimum wage, however, I would not grant the motion. Front Range points out that plaintiffs have not pled that Ms. Kindell was not paid for the hours she worked. I agree. But because she was (allegedly) denied reasonable rest periods, for which she would have been paid, she effectively provided the equivalent number of minutes of work to Front Range without additional compensation. That was essentially the conclusion in *Lozoya v. AllPhase Landscape Construction, Inc.,* No. 12-cv-

---

[2] The CMWO is the means by which the Colorado Minimum Wage Claim Act, C.R.S. § 8-4-101 *et seq.* and the Colorado Minimum Wage Act, C.R.S. § 8-6-101 *et seq.* have been implemented. *See, e.g., Cartier v. Western Electricity Coordinating Council*, No. 14-cv-0079-WJM-MJW, 2015 WL 3581346, at \*5 (D. Colo. June 9, 2015).

1048-JLK, 2015 WL 175080, at *2 (D. Colo. April 15, 2015).  Defendants disagree with Judge Kane's reasoning and holding in that case.  *See* ECF No. 25 at 15.  I do not.

## ORDER

For the reasons set forth, defendants' Partial Motion to Dismiss, ECF No 25 is GRANTED IN PART, MOOT IN PART, and DENIED IN PART.  It is GRANTED as to plaintiffs' First Claim (tax fraud) which is dismissed with prejudice.  It is MOOT as to plaintiffs' Second Claim (unjust enrichment) which plaintiffs have withdrawn.  It is DENIED as to plaintiffs' Fifth Claim (lack of breaks during the workday).

DATED this 15th day of September, 2017

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge